# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIO N. GONZALEZ, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-13-997-F |
| HECTOR RIOS, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner brings this action under 28 U.S.C. § 2254 seeking a federal writ of habeas corpus. This action has been referred to the undersigned by United States District Judge Stephen P. Friot for preliminary review and the entry of findings and recommendations with regard to dispositive matters. District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Having conducted such preliminary review, the undersigned recommends that this action be **DISMISSED** on filing for the following reasons.

### I. BACKGROUND

By this action, Petitioner challenges his conviction in the District Court of Oklahoma County on charges of assault and battery in a manner calculated to kill, and second-degree burglary. Petition, 2. Petitioner was convicted of these charges following a jury trial and was sentenced on November 16, 1988. Upon his convictions, he received a sentence of imprisonment of 199 years and 20 years respectively, to be

served consecutively. Petition, 2; District Court of Oklahoma County, Case No. CF-1988-4938. Petitioner filed a direct appeal, and on December 13, 1990, the Oklahoma Court of Criminal Appeals affirmed his conviction. Petition, 3; Oklahoma Court of Criminal Appeals, Case No. F-1989-467. Over twelve years later, Petitioner filed a state application for post-conviction relief on December 19, 2012. Petition, 4. The state district court denied his application on April 30, 2013. *Id*. Petitioner appealed this denial to the Oklahoma Court of Criminal Appeals, which affirmed the state district court's decision to deny relief. Petition, 7; Oklahoma Court of Criminal Appeals, Case No. PC-2013-516 (Aug. 14, 2013).

Petitioner also states that he has brought a previous action for habeas relief in the United States District Court for the Western District of Oklahoma. Petition, 16. He does not give the case number, but states that the action was instituted in "(Feb. of 1992)", and was denied. *Id.* He claims that action raised four grounds for relief: insufficient evidence as to his conviction for assault and battery calculated to kill; trial court error with regard to lesser included offenses; prejudice caused by the reading of "several alias names" during his trial; and lack of a fair trial due to the cumulative effect of these errors. *Id.*

Petitioner attacks his conviction on six separate grounds. In Ground One, Petitioner claims his appellate counsel was ineffective for failing to raise as error the trial court's decision to allow into evidence testimony of Petitioner's alleged confession. Petition, 6. In Ground Two, Petitioner alleges that his appellate counsel was ineffective

for failure to appeal that trial counsel was ineffective for failing to obtain expert witness testimony. Petition, 7. In this same ground, Petitioner appears to also present a stand-alone claim that his trial counsel was ineffective for the same reason. *Id.* In Ground Three, Petitioner claims ineffective assistance of appellate counsel for failure to raise a claim that trial counsel waited until midway through the trial to move for suppression of Petitioner's confession. Petition, 9. In this same ground, Petitioner alleges that appellate counsel should have raised as error trial counsel's failure to use an intoxication defense and to request a lesser included offense instruction. *Id.* In Ground Four, Petitioner alleges that his appellate counsel was ineffective for failing to allege on direct appeal that his sentence was excessive. Petition, 10. In Ground Five, Petitioner alleges that his appellate counsel should have raised a claim that trial counsel should have requested severance of the Petitioner's cases. In his sixth and final ground for relief, Petitioner claims that the cumulative effect of these errors denied him a fair trial. Petition, 14. As relief, he requests modification of his sentence rather than a new trial. Petition, 18. He claims that the passage of time since his conviction would render another trial extremely prejudicial to both he and the State. *Id.* However, he claims the delay is not his fault, but due to his lack of finances and the ineffective assistance of trial and appellate counsel.

## II. DISCUSSION

### A. Second and Successive

The recommended disposition of this action is based on two, alternative grounds.

The first ground involves this Court's jurisdiction to entertain the action before it. "The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA." *Case v. Hatch,* 731 F.3d 1015, 1026 (10th Cir.), *cert. denied,* ––– U.S. ––––, 134 S.Ct. 269 (2013). Notably, "[b]efore a second or successive [§ 2254] application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *accord Case,* 731 F.3d at 1026. If the petitioner does not heed this statutory directive, the district court has no jurisdiction to consider his second or successive filing. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Petitioner clearly states that he has brought a prevision federal habeas action in this Court, attacking the same conviction he challenges here. Petition, 16. He does not state that he obtained authorization from the Tenth Circuit Court of Appeals to file this second or successive petition in the Western District of Oklahoma. Both this Petition and the previous petition involve at least some of the same grounds for relief.

Pursuant to 28 U.S.C. § 2244(b), a petitioner may proceed with a second or successive habeas corpus action under § 2254 only in limited circumstances. However, "[b]efore a state ... inmate [ ] ... may file a second or successive habeas petition under 28 U.S.C. § 2254 ..., the inmate must obtain authorization from the circuit court to proceed[.]" *Stanko v. Davis,* 617 F.3d 1262, 1265–1266 (10th Cir. 2010) (*citing* 28 U.S.C. § 2244(b)(2), (3)(A)). "If the inmate does not obtain prior authorization, the federal district court has no jurisdiction to consider his § 2254 petition[.]" *Id.* (*citing In*

4

re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008). Previously, district courts routinely transferred unauthorized second or successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b). *See Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997) (stating that "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631").[2] The Tenth Circuit later instructed, however, that *Coleman* "should not be read to limit the traditional discretion given to district courts under § 1631." *In re Cline,* 531 F.3d at 1252. Instead, the district court may transfer the action to the Tenth Circuit for prior authorization if it is in the interests of justice to do so under § 1631, or the court may dismiss the petition for lack of jurisdiction. *Id.*

Here, it would not be in the interests of justice to transfer this action to the Tenth Circuit Court of Appeals. As set forth above, Petitioner concedes his previous federal habeas action pursuant to § 2254, challenging the same Oklahoma County conviction and sentence. Additionally, the Petition contains no allegations which show that Petitioner could satisfy the requirements for filing a successive petition, that is: (1) that his claim relies on a new rule of constitutional law made retroactively applicable to cases pending on collateral review; or (2) that the factual predicate of his claim could

5

not have been discovered previously through the exercise of due diligence, and clear and convincing evidence exists such that no reasonable fact finder would have found Petitioner guilty of the underlying offense. *See* 28 U.S.C. § 2244(b)(2). Also, as will be explained below, the Petition is clearly untimely under the AEDPA. Under these circumstances, it is not in the interests of justice to transfer this action to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. Accordingly, it is recommended that the Petition be dismissed for lack of jurisdiction.

### B. AEDPA Limitations Period

Alternatively, if the Court finds that jurisdiction exists, Petitioner's claims are barred by the one year limitations period established by the AEDPA. The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period governing the claims of a habeas Petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Unless a petitioner alleges facts implicating subparagraphs (B), (C), or (D), the limitations period generally begins to run from the date on which the conviction became final. *See Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000). In Petitioner's explanation as to the apparent untimeliness of his action, he states that he was limited by a lack of funds and the ineffectiveness of his counsel. Petition, 17. Although those issues will be addressed below in connection with potential tolling, neither implicates § 2244(d)(1)(B), (C), or (D). Thus, the petition's timeliness will be evaluated from the date Petitioner's convictions became final by expiration of time for seeking direct review. However, because Petitioner's conviction became final before the effective date of the AEDPA, a special rule applies. Where a conviction became final before AEDPA took effect, as is the case here, the one year limitation period for a federal habeas petition starts to run on the AEDPA's effective date, April 24, 1996. *See Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000); *Hoggro v. Boone,* 150 F.3d 1223, 1225-26 (10th Cir. 1998). Thus, in order to be timely, Petitioner should have filed his habeas petition prior to April 24, 1997. *See United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir. 1997). Absent statutory or equitable tolling, the petition is untimely.

**1. Statutory Tolling**

"[A] properly filed application for State post-conviction or other collateral review" tolls the one year period of limitations during the time the application is pending. 28 U.S.C. § 2244(d)(2). However, a state petition filed after the running of AEDPA's one year period of limitations has no tolling effect on the limitations period. *See Fisher v.*

7

*Gibson,* 262 F.3d 1135, 1142–43 (10th Cir. 2001). Although Petitioner filed an application for federal habeas relief in 1992, there is no tolling for *federal* post-conviction actions *Duncan v. Walker*, 533 U.S. 167, 180 (2001) (the AEDPA tolls limitation period for the pursuit of state remedies and not during the pendency of applications for federal review).

As stated above, the federal period of limitations ran on Petitioner's habeas claims on April 24, 1997. Prior to that date, Petitioner took no action sufficient to toll the period of limitations. Instead, Petitioner waited until December 19, 2012, to file a petition for state post-conviction relief. Petition, 4. Given that the post-conviction petition was filed well after the period of limitations ran on Petitioner's federal habeas claims, that filing did not toll the limitations period. Thus, unless equitable tolling is appropriate, the Court must find the petition untimely.

### B. Equitable Tolling

AEDPA's one year period of limitation is subject to equitable tolling where its application could render the habeas remedy "inadequate and ineffective." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is only available in "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). For instance, equitable tolling would be appropriate "when a prisoner is actually innocent, ... when an adversary's conduct-or other uncontrollable circumstances- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal

citations omitted). Significantly, "[s]imple excusable neglect is not sufficient." *Id.* Further, the petitioner must "diligently pursue[ ] his claims and demonstrate[ ] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Thus, the Tenth Circuit "has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003).

In this case, the record does not support a finding of equitable tolling. Petitioner does not explain his fifteen year delay for filing his petition with the state court, and he does not allege, and the record does not show that he diligently pursued his federal claims. Petitioner relies on the lack of funding for his late filing, but an indigent petitioner can proceed *in forma pauperis.* His other excuse, the ineffective assistance of his counsel, liberally construed as a claim that he was ignorant of the law governing his claims also provides no ground for equitable tolling. *Marsh,* 223 F.3d at 1220 (denying equitable tolling based on a pro se prisoner's ignorance of the law).

Accordingly, even if this Court does have jurisdiction over this action, the Petition should be denied as untimely.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that this action be **DISMISSED** as second and successive. Alternatively, if the Court has jurisdiction over this action, it is recommended that the Petition be dismissed upon filing as untimely.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 16, 2014**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). The Clerk of Court is directed to send a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

This Report and Recommendation **disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.**

**ENTERED** on December 30, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE